# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester County District Attorney,   :
                  Petitioner   :
                          :  No. 1386 C.D. 2025
           v.                :
                          :  Argued: May 12, 2026
Board of Trustees of the Pennsylvania :
Opioid Misuse and Addiction      :
Abatement Trust,               :
                Respondent   :


BEFORE:   HONORABLE LORI A. DUMAS, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                  **FILED: July 13, 2026**

Chester County District Attorney (Petitioner) has filed a petition for specialized review, asserting that the Board of Trustees (Board) of the Pennsylvania Opioid Misuse and Addiction Abatement Trust (Trust) should have approved its expenditure of Trust funds for a drug treatment court position. Having reviewed the record submitted to this Court and upon consideration of Petitioner's arguments and the Board's responses thereto, we conclude that the Board's decision is deficient in that it lacks several characteristics of a reasoned decision suitable for appellate review. Therefore, we remand to the Board with instructions that it issue an appropriate decision within 30 days.

# I. BACKGROUND[1]

## A. Trust

In 2022, the Commonwealth of Pennsylvania sued various pharmaceutical manufacturers and distributors of prescription opioids. The parties settled for approximately $1 billion. Pursuant to the terms of a consent judgment entered and approved by this Court, the Commonwealth created the Trust to receive, allocate, and disburse the settlement funds.

The Trust may approve the distribution of funds "only for the purposes set forth in Exhibit E to the Settlements." Am. Order, 10/15/24, § V(B).[2] Exhibit E is a 15-page list of approved programs and strategies addressing opioid addiction, divided into two schedules. The first schedule highlights and gives priority to core abatement strategies. Ex. E, Sch. A. The second schedule provides a non-exhaustive list of treatment and prevention efforts, as well as outlining other strategies to abate the opioid epidemic. Ex. E, Sch. B.

Each year, the Trust disburses funds to counties and other participating subdivisions, which are required to expend those funds timely and in compliance with Exhibit E. Am. Order §§ III(K), V(D)(10), VII. Each county is required to submit an annual report detailing the expenditures of such funds to the Trust.[3] *Id.* § V(D)(11). The Board conducts a retrospective review of the expenditures to ensure the spending has been consistent with Exhibit E.[4] *Id.* §§ V(B), VI(A)(3). If a county

---

[1] Except for the June 5, 2025 minutes, we glean the facts from the record. Petitioner attached the minutes as an exhibit to its brief. No party has suggested the minutes are inaccurate. *Cf.* Pa.R.A.P. 1921 note (stating "that where the accuracy of a pertinent document is undisputed" and included only in the reproduced record, the court may consider it).

[2] For convenience, we refer to the amended order that created the trust.

[3] It appears a county is responsible for submitting annual reports on behalf of participating subdivisions within its jurisdiction. Am. Order §§ V(D)(11), VII(A).

[4] It is unclear why the parties negotiated to permit expenditure of Trust funds before the Board approves the expenditure.

fails to file a report or if the Board otherwise determines that funds have been expended inconsistently with Exhibit E, then the Board "may withhold the next year's payments." *Id.* § X(C)(1).

A county or other participating subdivision can challenge the Board's decisions regarding compliance with Exhibit E in one of two ways. First, any "beneficiary of the Trust may petition the Court to allow spending on an item of abatement not contained in Exhibit E, provided such spending is deemed by the Court to reduce incidence or rate of opioid addiction and overdose deaths in the Commonwealth." *Id.* § VIII(F). Second, any "beneficiary of the Trust may file a complaint with the Board of Trustees if the beneficiary disputes an action by the Trust with regard to that beneficiary, provided that such complaint is filed within 30 days of when the beneficiary knew or should have known of the basis for the complaint." *Id.* § VIII(G).[5] "If the Board of Trustees' response does not resolve the beneficiary's complaint, the beneficiary may petition this Court for a resolution of its complaint." *Id.* § VIII(G)(2).

Per the Order, "the Trust is not a Commonwealth" agency, a local agency, a judicial agency, or a legislative agency. *Id.* § III(Q). This Court, however, retains jurisdiction over the Trust until its dissolution. *Id.* § VII(E). The participating subdivisions have agreed to this Court's jurisdiction and "have standing to petition this Court for enforcement of this Order and payment of the [funds] allocated to it." *Id.* § II(B). In July 2025, this Court further clarified its role by issuing a case

---

[5] The Board is responsible for establishing its own operating rules and procedures. Am. Order § VI(A)(5). To manage volume, the Board created three working groups to review county submissions and make recommendations, and it established a seven-member Dispute Resolution Committee (DRC) to hear beneficiary complaints under § VIII(G) at public meetings. To address disputes, the Board has adopted a multi-level review process, first by a working group, then the complete Board, and finally the dispute resolution committee (DRC). For ease, we may refer to DRC decisions as the Board's decisions.

3

management order (CMO), which directed Trust beneficiaries seeking relief under Section VIII(G)(2) to file a "petition for specialized review," which is governed by Chapter 16 of the Pennsylvania Rules of Appellate Procedure and addressed to this Court's appellate jurisdiction. *See* CMO, *Commonwealth v. Johnson & Johnson* (Pa. Cmwlth., Nos. 243-244 M.D. 2022, filed July 22, 2025).

*B. Petitioner's Program*

In March 2025, Petitioner submitted its required report to the Trust. Rpt., 3/17/25. The report discussed "Program No. 1," originally titled "Deputy District Attorney – Drug Court."[6] *Id.* Petitioner categorized Program No. 1 under Exhibit E, Schedule B, § (D)(3), as supporting "treatment and recovery courts that provide evidence-based options for persons with" opioid and other substance use disorders.[7] Ex. E, Sch. B, § (D)(3). The Board recommended that Program No. 1 be labeled noncompliant with Exhibit E. Minutes, 6/5/25, at 12 (memorializing its June 5, 2025 decision).[8]

Petitioner timely filed a complaint and presented its support to the Board's Dispute Resolution Committee (Committee). Tr., 8/6/25, at 23-57. The Committee expressed concern that approving the position would set a precedent for other beneficiaries seeking to fund prosecutors. *Id.* at 43. The Committee deferred

---

[6] "Chester County Drug Court is a pretrial disposition program that provides court supervision and treatment to eligible justice involved individuals with a substance use disorder. The program has been successful by [combining] prompt and effective treatment with intensive judicial supervision. Drug Court is a voluntary program and upon successful completion of the program, participants are eligible for dismissal, and expungement of current charges. Drug Court is a collaborative effort among the Court, District Attorney's Office, Public Defender's Office," and other stakeholders. Rpt., 3/17/25, at 3.

[7] The report was completed via a website form with some questions permitting a beneficiary to select up to three answers via a list. Petitioner could have selected two additional options for funding but limited its selection to (D)(3). Rpt., 3/17/25, at 2.

[8] Petitioner attached the minutes to its petition as Exhibit B; the minutes were not included within the Board's record.

4

its decision pending Petitioner submitting a revised job description. *Id.* at 44-45, 50-51, 56. Petitioner revised the job description, which noted that, by law, only a district attorney could approve an individual for treatment court.

The Committee held a second hearing on Petitioner's complaint. Tr., 9/17/25, at 1-21. Petitioner rested on its prior submissions, reiterating that the position was "about treatment." *Id.* at 8. The Committee questioned Petitioner about the position and voted five to one that the position did not comply with Exhibit E. *Id.* at 11-14, 20. The Trust confirmed the Committee's vote in an email, which stated "the Trust's decision of June 5, 2025—that Program No. 1, Deputy District Attorney—Drug Court, is non-compliant with Exhibit E—stands." Email, 9/17/25.

Petitioner filed a petition for specialized review in this Court, and the Board filed a response in opposition.[9] The parties filed court-ordered briefs.

## II. ISSUES

Petitioner contends that the Board erred in denying Program No. 1 as non-compliant with Exhibit E.

## III. DISCUSSION

### A. Arguments

Petitioner argues that Program No. 1 is compliant with Exhibit E. Petitioner advances numerous reasons why the Trust should fund a "deputy district attorney—treatment court" position. Pet'r's Br. at 20. In Petitioner's view, if "the drafters of Exhibit E intended to create a blanket prohibition on opioid settlement funds being used for any position in a district attorney's office, they would have" done so. *Id.* at 22-23. Petitioner notes that the Board approved funding for a treatment court administrator. *Id.* at 33. Petitioner states that it is not seeking relief

---

[9] This Court ordered that complaints to this Court under Section VIII(G) of the Order be treated as appellate petitions for specialized review. Order, 7/22/25.

under Section VIII(F) of the Order. *Id.* at 35.

The Board counters that this Court should defer to its specialized experience and expertise in "public health, addiction treatment . . . , and policy development related to substance use disorders." Bd.'s Br. at 14. The Board contends that Exhibit E "only permits opioid settlement funds to be expended on educating and/or training law enforcement," and does not permit spending on "salaries for prosecutors to determine who may (or more importantly, who may not) be eligible for one of Chester County's treatment courts." *Id.* at 19-20. In the Board's view, the deputy district attorney "is a law enforcement position . . . exercising prosecutorial discretion in the fundamental, threshold decision as to whether a criminal justice-involved person is eligible for diversion to treatment court or, alternatively, whether the person should proceed to prosecution." *Id.* at 21. The Board points out that it approved the financing of a salary for a treatment court administrator who has no prosecutorial role. *Id.* at 26-27.

*B. Disposition*

Generally, this Court has the power to issue an order "as the interest of justice . . . may require." 42 Pa.C.S. §§ 323, 562. We may also "remand the matter and direct the entry of such appropriate order, or require such further proceedings to be had as may be just under the circumstances." *Id.* § 706. For example, this Court remanded for a Pa.R.A.P. 1925(a) decision because the trial court's order and record did not reveal the underlying reasoning. *Artisan Const. Grp. v. Zoning Hearing Bd. of Upper Pottsgrove Twp.*, 275 A.3d 80, 84 (Pa. Cmwlth. 2022) (*Artisan*).

Instantly, the Board's September 17, 2025 email does not reveal the underlying reasoning for why the program fell outside Exhibit E. *Cf. id.* Under these circumstances, to provide a just "resolution of [Petitioner's] complaint," Am.

6

Trust Order, § VIII(G)(2), we must remand to have the Board file an appropriate decision explaining its reasoning. *See* 42 Pa.C.S. §§ 323, 562, 706; *cf.* Pa.R.A.P. 1925(a); *Artisan*, 275 A.3d at 84. Without the Board's decision explaining its reasoning, we cannot conduct any appellate review. *See* Pa.R.A.P. 1601; *cf. Artisan*, 275 A.3d at 84.

The Board's decision must identify the Exhibit E Section(s) at issue and explain why the disputed program does not qualify. The Board must provide specific findings that are relevant to its decision, with appropriate citations to the record that facilitate our review, and its decision must also reflect any credibility determinations that inform those findings. To the extent the Board relies on undefined terms or apparent terms of art, *e.g.*, "evidence-based" or "evidence-informed," to justify its decision, the Board must define those terms. In sum, the Board's decision must provide sufficient factual detail and reasoning that would permit this Court to exercise its appellate role in reviewing the Board's denial under Exhibit E.

## IV. CONCLUSION

For these reasons, we require the Board to thoroughly memorialize its reasoning before we can address our standard and scope of review and evaluate the Board's review of Petitioner's expenditure of Trust funds. *See* 42 Pa.C.S. § 706. Accordingly, we remand to have the Board file a decision within 30 days, as set forth herein.

_____
**LORI A. DUMAS, Judge**

Judge Covey did not participate in this decision.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester County District Attorney,   :
        Petitioner     :
                          :   No. 1386 C.D. 2025
        v.             :
                          :
Board of Trustees of the Pennsylvania :
Opioid Misuse and Addiction      :
Abatement Trust,              :
        Respondent     :

## O R D E R

AND NOW, this 13th day of July, 2026, we REMAND to have the Board of Trustees of the Pennsylvania Opioid Misuse and Addiction Abatement Trust (Board) file a decision explaining its reasoning within 30 days. The Board's decision must identify the Exhibit E Section(s) at issue and explain why the disputed program does not qualify. The Board's decision must include specific findings of fact and reflect its credibility determinations. To the extent the Board relies on undefined terms or apparent terms of art, *e.g.*, "evidence-based" or "evidence-informed," to justify its decision, the Board must define those terms. We ORDER the Prothonotary to serve a copy of this opinion and order on the Attorney General.

Jurisdiction retained.

_____
**LORI A. DUMAS, Judge**